UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CALVIN C. MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-cv-379 |
| | ) | (VARLAN/GUYTON) |
| KNOX COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This is a civil rights action, pursuant to 42 U.S.C. § 1983, in which plaintiff alleges unlawful detention and false imprisonment by Knox County, Tennessee; plaintiff is represented by counsel. The matter is before the court on the motion to dismiss filed by defendant Jimmy "JJ" Jones. The defendant having presented matters outside the pleadings in support of his dispositive motion, the motion will be treated as a motion for summary judgment. Fed. R. Civ. P. 12(b). For the following reasons, the motion to dismiss [Court File No. 18] will be **DENIED**.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street*

*Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

At the time of plaintiff's alleged unlawful detention and false imprisonment, defendant Jones was the Sheriff of Knox County, Tennessee, pursuant to an appointment on January 31, 2007, by the Knox County Commission. That appointment was later held to be null and void by order of the Knox County Chancery Court entered on October 10, 2007. For that reason, defendant Jones contends that any claims made against him between January 31 and October 10, 2007, fail to state a claim for which relief can be granted.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992).

Plaintiff's allegations of unlawful detention and false imprisonment clearly state a claim for the violation of his constitutional rights. Plaintiff has also clearly stated a claim that he was deprived of a constitutional right by a person acting under color of law. At the time of plaintiff's arrest and detention, defendant Jones was the Sheriff of Knox County. The fact that his appointment was subsequently ruled null and void does not negate the fact that,

at the time, he was acting under color of law.  *See, e.g., West v. Atkins*, 487 U.S. 42, 49-50 (1988).  Accordingly, defendant Jones has failed to conclusively show that no genuine issue of material fact exists and his motion to dismiss is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE